UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE M. VANDIVER,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security

    Defendant.

Case No. C10-5759BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 18) and Plaintiff Michelle Vandiver's ("Vandiver") objections to the R&R (Dkt. 19).

## I. PROCEDURAL HISTORY

On October 15, 2010, Vandiver filed a complaint requesting judicial review of an administrative law judge's ("ALJ") decision that she was not disabled. Dkts. 1-3. On September 19, 2011, Judge Strombom issued the R&R recommending that the Court affirm the ALJ's decision that Vandiver is not disabled. Dkt. 18. On October 3, 2011, Vandiver filed objections to the R&R. Dkt. 19. On October 17, 2011, the Government responded. Dkt. 20.

## II. DISCUSSION

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may

ORDER – 1

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(B).  In this case, Vandiver objects to five portions of the R&R, which are addressed below.

**A.     Vandiver's Impairments**

Vandiver argues that the ALJ failed to identify all of her severe impairments and failed to consider the functional limitations of all of her impairments, including impairments that were not considered severe.  Dkt. 19 at 3-4.  First, Vandiver argues that the ALJ erred by not finding that Vandiver's anxiety and mood disorders were severe impairments.  Judge Strombom found that Vandiver has failed to provide any argument as to why these were severe impairments.  In her objections, Vandiver also fails to provide any reason why the ALJ erred on this issue or why her anxiety and mood disorders were severe impairments.

Second, Vandiver argues that the ALJ erred by not considering the functional limitations of her anxiety and mood disorders.  Vandiver states that "it is apparent from the ALJ's analysis that he failed to properly consider all of the limitations caused by Vandiver's impairments . . . ."  Dkt. 19 at 3.  Vandiver's conclusory statement, without further support or citations to the record, is without merit.  Therefore, the Court adopts the R&R on this issue.

**B.     Evaluation of the Medical Evidence**

Vandiver argues that the ALJ erred by not providing specific and legitimate reasons for discounting the opinion of an examining physician.  Dkt. 19 at 4-8.  Judge Strombom found that the ALJ considered conflicting evidence from two examining physicians and was well within his authority to rely on one over the other.  Dkt. 18 at 10 (citing *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996)).  On this issue, Vandiver fails to show any error in either the ALJ's decision or Judge Strombom's opinion.  Therefore, the Court adopts the R&R on this issue.

ORDER – 2

### C. Vandiver's Testimony

Vandiver argues that the ALJ failed to properly evaluate her testimony regarding her symptoms and limitations. Dkt. 19 at 9-11. Vandiver's objections are almost identical to her opening brief. *Compare id. with* Dkt. 13 at 16-18. Judge Strombom cited specific reasons the ALJ stated for discounting Vandiver's testimony and, ultimately, disagreed with Vandiver. Dkt. 18 at 11-13. The Court has reviewed the record and also disagrees with Vandiver. Therefore, the Court adopts the R&R on this issue.

### D. Residual Functional Capacity and Work in the National Economy

Vandiver argues that the ALJ erred by improperly determining her residual functional capacity and by finding that there are a significant number of jobs in the national economy that Vandiver can perform. Dkt. 19 at 11-12. Vandiver's arguments are essentially that the ALJ erred at these steps because the ALJ erred at the previous steps. The Court finds that, based on the record, Vandiver's arguments and objections are without merit. Therefore, the Court adopts the R&R on this issue.

## III. ORDER

Therefore, having considered the R&R, Vandiver's objections, and the remaining record, the Court hereby finds and orders as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision is **AFFIRMED**; and

(3) This action is **DISMISSED**.

DATED this 16th day of November, 2011

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3